IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MATTHEW RAY MARTIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ADA BREHE-KRUEGER, and )<br>COLE COUNTY COURT, )<br>)<br>Defendants. ) | Case No. 17-00723-CV-W-ODS |

<u>ORDER AND OPINION (1) GRANTING DEFENDANT BREHE-KRUEGER'S
MOTION TO DISMISS, (2) DISMISSING PLAINTIFF'S REMAINING CLAIMS, AND
(3) FINDING AS MOOT PLAINTIFF'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>

Pending are Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #6), and Defendant Ada Brehe-Krueger's Motion to Dismiss (Doc. #9). For the following reasons, Defendant Ada Brehe-Krueger's Motion to Dismiss is granted, and Plaintiff's claims against Defendant Ada Brehe-Krueger are dismissed. The Court also dismisses Plaintiff's claims against Defendant Cole County Court (and Cole County, to the extent Plaintiff is attempting to bring claims against the county). With the Court's dismissal of all claims, Plaintiff's request for a temporary restraining order and preliminary injunction is rendered moot.

**I. BACKGROUND**

Plaintiff, who is pro se, filed this matter against Judge Ada Brehe-Krueger and the Circuit Court of Cole County, Missouri, alleging Defendants violated his civil rights "by refusing to hear any evidence as it relates to the judgement (sic) based on fraud on the Court and is no[w] threatening jail…to enforce the unconstitutional relief." Doc. #1, at 2. Plaintiff asks this Court to enjoin Judge Brehe-Krueger "from executing and acting on any judgements (sic), orders or mandate issued against [Plaintiff] in Cole [C]ounty." Doc. #6, at 2-3. Plaintiff also asks the Court to order the return of property taken from

him as a result of the allegedly fraudulent judgement (sic)," and award him actual and/or punitive damages. Doc. #1, at 2.

Plaintiff's claims arise from two state court matters. First, the 2014 state court matter (Case No. 14AC-FC00740), which was filed in the Circuit Court of Cole County, pertains to the dissolution of Plaintiff's marriage to Nicole Lynn Martin. Doc. #12, at 1-2.[1] Plaintiff appealed the circuit court's entry of contempt against him as well as the dissolution judgment to the Missouri Court of Appeals. *Martin v. Martin*, Case No. WD79044. The Court of Appeals dismissed Plaintiff's appeal as it related to the contempt order because that order was never enforced, and affirmed the circuit court's dissolution judgment.[2] *Id.* Second, the 2016 state court matter (Case No. 16AC-CC00166), which was also filed in the Circuit Court of Cole County, is a defamation claim brought by Plaintiff against Nicole Lynn Martin. That matter remains open, and Defendant's motion for summary judgment is pending.

In December 2016, Plaintiff initiated a civil action in the Central Division of this Court. Case No. 16-4319-NKL. Plaintiff alleged Patricia Joyce, a state court judge in the Circuit Court of Cole County violated his rights under the Fifth, Seventh, and Fourteenth Amendments when she issued rulings in state court proceedings. Doc. #1 (Case No. 16-4319). Plaintiff later amended his complaint to include additional allegations against Judge Joyce related to decisions she made in the 2014 state court

---

[1] In ruling a motion to dismiss for failure to state a claim, the Court must accept as true the complaint's factual allegations, and view the factual allegations in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, the Court is limited to a review of the complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). But the Court may consider exhibits attached to the complaint, materials necessarily embraced by the complaint, and materials that are part of the public record. *Id.* at 698; *Levy v. Ohl*, 47 F.3d 988, 991 (8th Cir. 2007) (citations omitted). Accordingly, the Court will consider materials that are part of the public court files with regard to cases cited in Plaintiff's Complaint and the matter previously filed in this Court.

[2] Disputes pertaining to child support associated with the marriage dissolution remain pending. Case No. 14AC-FC00740-01.

matter and other matters. Doc. #5, at 5-6 (Case No. 16-4319). He further amended his complaint to include similar allegations against two more state court judges: Judge Daniel Richard Green and Judge Robert D. Schollmeyer. Doc. #8 (Case No. 16-4139).

Defendants sought to dismiss that matter. In granting Defendants' motion to dismiss, Judge Laughrey of this Court found Defendants were entitled to absolute judicial immunity, and the *Rooker-Feldman* and *Younger* doctrines applied, and therefore, the matter was dismissed. Doc. #22 (Case No. 16-4319). In her decision, Judge Laughrey noted Judges Joyce and Schollmeyer recused from the 2014 state court matter. *Id.* at 4. But it was then assigned to Judge Brehe-Krueger, a defendant in this matter. *Id.* After Judge Schollmeyer recused from the 2016 state court matter, Judge Brehe-Krueger was assigned to preside over that matter. Judge Brehe-Krueger, as of the date of this Order, still presides over both matters.

Judge Brehe-Krueger seeks to dismiss Plaintiff's claims in this matter. Doc. #9. Plaintiff opposes Judge Brehe-Krueger's motion. Doc. #12. The motion is now ripe for consideration. In addition to Judge Brehe-Krueger's motion, the Court also considers Plaintiff's claims against the Circuit Court of Cole County.

## II.  DISCUSSION
### A. Plaintiff's Claims Against Judge Brehe-Krueger

Judge Brehe-Krueger makes several arguments for dismissal of Plaintiff's claims against her. Among other grounds, Judge Brehe-Krueger argues the *Rooker-Feldman* doctrine applies, and she is protected from suit by judicial immunity.

### (1) *Rooker-Feldman* Doctrine

Judge Brehe-Krueger argues the *Rooker-Feldman* doctrine precludes the Court from exercising jurisdiction (that is, legal authority) over Plaintiff's claims. A lower federal court is generally without jurisdiction to hear "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that that state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Federal courts, with the exception of the United States Supreme Court, do not have jurisdiction over an appeal of a state appellate court

3

decision. *Id.*; *see also* 28 U.S.C. § 1257; *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990). The Eighth Circuit holds the *Rooker-Feldman* doctrine precludes jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).[3]

Plaintiff seeks redress with this Court because Judge Brehe-Krueger allegedly "refus[ed] to hear any evidence" in a state court proceeding, and "refused to…explain why [she] ruled" the way she did in a state court proceeding. Doc. #1, at 2-3. Plaintiff also argues the judgment entered by Judge Brehe-Krueger in a state court proceeding was "fraudulent." *Id.* at 2. He asks the Court to "[g]rant an immediate injunction before the unconstitutional orders issued by [Judge Brehe-Krueger] perm[an]ently take the property of the Plaintiff and put him in jail." *Id.* at 2.

Even when liberally construing Plaintiff's allegations, as the Court must do, it is clear Plaintiff seeks redress in this Court to reverse judgments entered by Judge Brehe-Krueger and/or prevent Judge Brehe-Krueger from issuing further decisions in the two state court actions referenced above. This Court does not have jurisdiction to hear challenges to state court decisions even if a party maintains the decision was unconstitutional. *Feldman*, 460 U.S. at 486 (1983); *Edwards*, 645 F.3d at 1018. Accordingly, the Court grants Judge Brehe-Krueger's motion to dismiss.[4]

---

[3] Plaintiff argues his claims should not be dismissed because "[a]n independent action is available" under Rule 60(d) "to prevent a grave miscarriage of justice." Doc. #12, at 4. Plaintiff's reliance on Rule 60 of the Federal Rules of Civil Procedure is misplaced. Rule 60 is a federal rule, and governs procedures in civil actions before the United States district courts. Fed. R. Civ. P. 1. Rule 60 does not pertain to state court actions. Plaintiff's request for relief from a judgment or order remains with the state court. *See e.g.*, Mo. R. Civ. P. 74.06(b).

[4] In opposing Judge Brehe-Krueger's motion to dismiss, Plaintiff argues his Fifth Amendment rights have been or will be violated in that the state court is attempting to enforce orders that would result in double jeopardy. Doc. #12, at 5. Plaintiff also argues the state court judges violated their jurisdiction when they entered and/or enforced orders. *Id.* at 5-6. Because this Court does not have jurisdiction to hear Plaintiff's challenges to the state court proceedings, these arguments fail.

### (2) Judicial Immunity

Even if the *Rooker-Feldman* doctrine did not apply, Judge Brehe-Krueger argues Plaintiff's claims against her should be dismissed because she is immune from suit due to judicial immunity. It is well-settled that judges are entitled to absolute immunity from suit for their judicial conduct. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362.

There are only two instances where judicial immunity is overcome. *Mireles*, 502 at 11. First, judges are "not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* (citations omitted). Second, judges are "not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12 (citations omitted).

Based upon Plaintiff's filings in this matter and the public state court files, there is nothing establishing Judge Brehe-Krueger's actions were nonjudicial. And there is nothing showing her orders or decisions were taken in complete absence of all jurisdiction. The Court finds Judge Brehe-Krueger's orders and decisions in the 2014 and 2016 state court matters constitute judicial conduct. Accordingly, judicial immunity applies, and Plaintiff's claims against Judge Brehe-Krueger are dismissed for this additional reason.[5]

Because the Court decides Judge Brehe-Krueger's motion to dismiss on the grounds of the *Rooker-Feldman* doctrine and judicial immunity, it is unnecessary for the Court to discuss her other arguments for dismissal. Additionally, because Plaintiff's

---

[5] Additionally, to the extent Plaintiff seeks injunctive relief against Judge Brehe-Krueger pursuant to 42 U.S.C. § 1983, such relief is not available because Plaintiff failed to plead a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983 (stating "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief **shall not be granted** unless a declaratory decree was violated or declaratory relief was unavailable.") (emphasis added).

claims against Judge Brehe-Krueger are dismissed, Judge Brehe-Krueger's request for change of venue is denied as moot.

### B. Plaintiff's Claims Against Cole County and the Circuit Court of Cole County

The Court now turns to whether Plaintiff's claims against the Circuit Court of Cole County (and Cole County, to the extent Plaintiff is bringing claims against the county) should be dismissed for failure to state a claim. Rule 8 of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement" of the grounds for the court's jurisdiction, claim showing the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). To state a claim for relief, a claim must be plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for the dismissal of lawsuits that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a pro se complaint should be given liberal construction, the essence of an allegation must be discernible and the complaint should state a claim as a matter of law. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted); *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980) (citation omitted).

"Without question, a district court has the power to dismiss a complaint *sua sponte*, but only where plaintiff cannot possibly prevail and amendment would be futile." *Bucklew v. Lombardi*, 783 F.3d 1120, 1127 (8th Cir. 2015) (citation omitted). The dismissal does not require prior notice under Rule 12(b)(6), which allows for dismissal of matters that fail to state a claim upon which relief can be granted, "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (citation omitted); *see also Porter v. Fox*, 99 F.3d 271, 273-74 (8th Cir. 1996) (citations omitted) (finding a district court may dismiss a case *sua sponte*).

As set forth *supra*, section I, Plaintiff alleges the Circuit Court of Cole County violated his civil rights. Doc. #1. In his response to Judge Brehe-Krueger's motion to

dismiss, Plaintiff states "it may be revealed…Cole County is liable as policy and custom of this municipality is the moving force behind the many constitutional violations/civil rights of Plaintiff."  Doc. #12, at 7.  Plaintiff then cites to district court matters discussing municipal liability under 42 U.S.C. § 1983.  *Id.*  It is unclear whether Plaintiff is suing Cole County or the Circuit Court of Cole County.  Regardless of what entity he is suing, as set forth below, Plaintiff has failed to state a plausible claim for relief against either entity.

### (1) Circuit Court of Cole County

"Section 1983…does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  "The Eleventh Amendment bars such suits unless the State has waived its immunity…or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity."  *Id.* (citations omitted).  The Circuit Court of Cole County is a state entity.  As such, it is not a person under section 1983.  Plaintiff has failed to state a claim under section 1983 against the Circuit Court of Cole County.  Accordingly, Plaintiff's claims against the Circuit Court of Cole County are dismissed.

### (2) Cole County

Although Plaintiff did not list Cole County as a defendant in his Complaint, the Court must liberally construe his pleadings.  In doing so, the Court will consider whether Plaintiff has stated a plausible claim against Cole County for violations of section 1983.  Local governing bodies may be sued directly under section 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978) (stating "it is when execution of a government's policy or custom…inflicts the injury that the government" is responsible under section 1983).  While he alleged his constitutional rights were violated, Plaintiff failed to allege any Cole County policy or custom that was implemented or executed that resulted in injury to him.  Rather, Plaintiff's allegations

stem from decisions issued by state court judges, who are not employees of Cole County. There is no policy or custom at issue. And Plaintiff does not allege any employee or agent of Cole County in any way injured him. The Court finds Plaintiff cannot possibly prevail on section 1983 claims against Cole County (to the extent Plaintiff is attempting to allege such claims), and amendment of his complaint would be futile. For these reasons, the Court dismisses Plaintiff's claims against Cole County.

### III.   CONCLUSION

For the above reasons, the Court grants Defendant Ada Brehe-Krueger's Motion to Dismiss. The Court also dismisses Plaintiff's claims against the Circuit Court of Cole County. To the extent Plaintiff has attempted to bring claims against Cole County, the Court dismisses those claims. Because all of Plaintiff's claims are hereby dismissed, Plaintiff's request for a temporary restraining order and preliminary injunction is rendered moot.

IT IS SO ORDERED.

DATE: October 26, 2017

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT